**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION, _____ KATHLEEN WILKINSON, individually and on behalf of all others similarly situated; et al.,    Plaintiffs-Appellees,  v. FACEBOOK, INC., a Delaware corporation,    Defendant-Appellant. | No. 22-16888 D.C. No. 5:21-cv-02777-EJD MEMORANDUM* |
| In re: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION, _____ KATHLEEN WILKINSON, individually and on behalf of all others similarly situated; et al.,    Plaintiffs-Appellants,  v. FACEBOOK, INC., a Delaware corporation, | No. 22-16889 D.C. No. 5:21-cv-02777-EJD |

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| Defendant-Appellee. |  |

| | |
|---|---|
| In re: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION, | No.   22-16914 |
| | D.C. No. 5:21-md-02985-EJD |
| ------------------------------ | |
| FRANK CUSTODERO; et al., | |
| Plaintiffs-Appellees, | |
| v. | |
| APPLE INC., | |
| Defendant-Appellant. | |

| | |
|---|---|
| In re: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION, | No.   22-16916 |
| | D.C. No. 5:21-md-02985-EJD |
| _____ | |
| FRANK CUSTODERO; et al., | |
| Plaintiffs-Appellants, | |
| v. | |
| APPLE INC., | |
| Defendant-Appellee. | |

| | |
|---|---|
| In re: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION, | No.   22-16921 |
| | D.C. No. 5:21-md-03001-EJD |

2

JENNIFER ANDREWS; et al.,

        Plaintiffs-Appellees,

v.

GOOGLE, LLC; GOOGLE PAYMENT CORP.,

        Defendants-Appellants.

---

In re: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION,

No. 22-16923

D.C. No. 5:21-md-03001-EJD

JENNIFER ANDREWS; et al.,

        Plaintiffs-Appellants,

v.

GOOGLE, LLC; GOOGLE PAYMENT CORP.,

        Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 8, 2024
San Francisco, California

3

Before: PAEZ and SUNG, Circuit Judges, and FITZWATER,[**] District Judge.

Defendants Apple, Google, and Meta appeal, and Plaintiffs cross-appeal, the district court's consolidated order granting in part and denying in part Defendants' motions to dismiss Plaintiffs' three Master Complaints in three class action cases. We dismiss the appeal and cross-appeal for lack of jurisdiction.

Plaintiffs' Master Complaints allege that Defendants engage in unlawful conduct related to "social casino" applications and allege a total of 125 causes of action under the laws of 23 states and the United States. In the order at issue, the district court discussed three theories of liability and dismissed two of those theories on the ground that they are precluded by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). The district court *sua sponte* certified its order for interlocutory appeal under 28 U.S.C. § 1292(b). Defendants petitioned for permission to appeal the partial denial of the motion to dismiss, and Plaintiffs opposed the petition and conditionally cross-petitioned for permission to appeal the district court's dismissal of "theories" on the pleadings, as opposed to claims. A motions panel of this court granted the petition and conditional cross-petition. No. 22-80098 Dkt. 9; Nos. 22-80099, 22-80100 Dkt. 11. Because the district court's certified order does not qualify as an "order" under § 1292(b), we

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

4

lack jurisdiction to review it. Therefore, we vacate this court's order granting permission for the interlocutory appeal and cross-appeal as improvidently granted.

A denial of a motion to dismiss is a non-final order generally not subject to appeal. *See Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010). Section 1292(b), however, provides a "narrow exception to the final judgment rule," *Couch*, 611 F.3d at 633, allowing a permissive interlocutory appeal when certain requirements are met:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Although a motions panel granted the parties permission to appeal and cross-appeal under § 1292(b), we have an independent obligation to confirm that we have jurisdiction under § 1292(b). *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022).

"An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties is not an 'order' under 28 U.S.C. § 1292(b) which will support an interlocutory appeal." *Nickert v. Puget Sound Tug & Barge Co.*, 480 F.2d 1039,

5

1041 (9th Cir. 1973).[1]

In its order, the district court deduced "three theories of liability" from the Master Complaints and concluded that the first and third theories—but not the second—were barred by Section 230. *See* 47 U.S.C. § 230(c)(1). The district court, however, did not apply its ruling to each of the 125 causes of action to determine which, if any, should be dismissed under Federal Rule of Civil Procedure 12(b)(6). The parties have yet to brief and the district court has yet to determine which causes of action should be dismissed. Thus, even though the certified order is characterized as a "dismissal order," it presents the district court's opinion on an abstract question of law without finally and definitively dismissing any claims. Consequently, it is not an "order" that supports jurisdiction under 28 U.S.C. § 1292(b). *Nickert*, 480 F.2d at 1041.

Were we to rule on the merits of the district court's dismissal of certain theories of liability, as the parties ask us to do, we would be issuing an advisory opinion. Section 1292(b) does not displace the prohibition against advisory opinions, which is "the oldest and most consistent thread in the federal law of justiciability." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041,

---

[1] *See also* Wright & Miller, § 3930 Criteria for Permissive Appeal, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("The basic requirement for interlocutory appeal under § 1292(b) is that the district court have made an order. The statute does not contemplate that a district court may simply certify a question without first deciding it.").

6

1047 (9th Cir. 2019) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968)); *see also Benoit v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 491, 508 (2d Cir. 2020) ("Inherent in the requirements of section 1292(b) is that the issue in the certified order be ripe for judicial determination, because the purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which evaporate in the light of full factual development." (cleaned up)).

Defendants urge us to reverse the district court's order as to the second theory of liability; they argue that we could avoid issuing an advisory opinion by dismissing the Master Complaints in their entirety. But doing so would not cure the advisory nature of such an opinion because we would still lack jurisdiction over the district court's order that dismisses theories, not claims. Rule 12(b)(6) permits dismissal for failure to state a claim. And Section 230 requires a claim-specific analysis.

To determine whether a particular claim should be dismissed under Section 230, a court must identify "the underlying legal duty" and determine whether "it seek[s] to hold the defendant liable as a 'publisher or speaker' of third-party content. *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 682 (9th Cir. 2019) (citing *Doe v. Internet Brands*, 824 F.3d 846, 851, 853 (9th Cir. 2016)); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–09 (9th Cir. 2009), *as amended* (Sept. 28, 2009) (conducting claim-specific analysis). In doing so, the court must

7

consider what the underlying legal duty "actually requires." *Id*. at 682; *see also Internet Brands*, 824 F.3d at 850 ("The essential question . . . is whether [the p]laintiff's . . . cause of action 'inherently requires the court to treat' [the defendant] 'as a publisher or speaker' 'of information provided by another information content provider.'" (quoting *Barnes*, 570 F.3d at 1100–02)). A court may also need to consider other claim-specific issues, such as the source of the underlying duty. *Internet Brands*, 824 F.3d at 850–51 (considering source of duty to warn plaintiff). Disposition of the claims in this case will thus require examining each individual claim.

    We are mindful that in complex cases involving many claims, a district court may decide to address pivotal threshold issues—such as the viability of certain legal theories—before applying its reasoning to specific claims. There is nothing wrong with such an approach, but we may not exercise jurisdiction under § 1292(b) until the district court has ruled on the claims at issue. Once the district court has done so, it may certify its order for interlocutory appeal.

    Accordingly, we **VACATE** our December 13, 2022, order granting permission for an interlocutory appeal, **DISMISS** the cross-appeals for lack of jurisdiction, and **REMAND** to the district court.

8