UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 21-md-02985-EJD (VKD)<br><br>Re: Dkt. No. 168 |
| IN RE GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 21-md-03001-EJD (VKD)<br><br>Re: Dkt. No. 146 |
| IN RE FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 21-cv-02777-EJD (VKD)<br><br>Re: Dkt. No. 173<br><br>**ORDER RE SEPTEMBER 4, 2025 DISCOVERY DISPUTE RE PROTECTIVE ORDER PROVISIONS** |

The parties in these related actions ask the Court to resolve their disputes regarding four provisions of a proposed protective order: (1) the process for challenging confidentiality designations; (2) advance identification of deposition exhibits containing "confidential" information; (3) disclosure of information regarding experts permitted to view "highly confidential" information; and (4) retention of archival copies of expert materials. The Court finds

these disputes suitable for resolution without oral argument. Civil L.R. 7-1(b).  The Court considers each disputed provision.[1]

### 1. Section 7.3: Judicial Intervention

The parties agree that a party or non-party may challenge a designating party's confidentiality designation (or failure to make a designation) at any time.  *See* Dkt. No. 168-2, sec. 7.1 (plaintiffs); Dkt. No. 168-4, sec. 7.1 (defendants).  They disagree about whether disputes about confidentiality designations must be resolved using the expedited discovery dispute resolution procedures in the Court's Standing Order for Civil Cases[2], and whether a failure to seek a resolution of such dispute within 14 days "automatically waives" a confidentiality designation. *See* Dkt. No. 168-2, sec. 7.3 (plaintiffs); Dkt. No. 168-4, sec. 7.3 (defendants).

<u>The Court adopts defendants' proposal</u>.[3]  As the Standing Order makes clear, the Court generally requires disputes about confidentiality designations to be presented via a joint discovery dispute letter.  The Court sees no reason to permit such challenges to be made by motion here, or for requiring an automatic waiver of the designating party's position after 14 days.  Importantly, the expedited discovery dispute resolution procedures already include a schedule for the discussion and presentation of disputes.  This schedule is meant to ensure that the disputing parties have an opportunity to discuss their respective positions before seeking the Court's assistance, and also to ensure that no party will be prejudiced by another's foot-dragging in presenting a genuine dispute for resolution.

---

[1] The parties filed identical discovery letters in all three cases.  For simplicity, this order refers to the letter docketed in Case No. 5:21-md-02985, Dkt. No. 168.

[2] https://cand.uscourts.gov/wp-content/uploads/judges/demarchi-vkd/VKD-StandingOrderForCivilCases-7-2025.pdf

[3] The parties debate the significance of the Court's revisions (or lack thereof) to the language of this district's model protective orders in other cases.  This debate is not useful.  The objective of the Court's "typical revisions" to the model protective order is to require the parties to submit their disputes about confidentiality designations using the Court's expedited discovery dispute resolution procedures instead of a regularly noticed motion.  If the parties agree to revise other provisions of the model protective order, the Court typically does not disrupt that agreement. Likewise, if the parties agree to retain the language in the model protective order, the Court typically does not disrupt that choice either.

United States District Court
Northern District of California

**2.      Section 8.4(h): Disclosure of Deposition Exhibits**

The parties disagree about whether a party seeking to show a confidential document to a witness (who is otherwise permitted to see it) must give 3-days' advance notice to the designating party. Plaintiffs ask the Court to adopt the model order provision, which states:

> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
> . . .
>
> (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

*See* Dkt. No. 168-2, sec. 8.4(h) (plaintiffs). Defendants ask the Court to adopt a revision to this subsection, providing for advance notice, as follows:

> (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and (i) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (ii) with reasonable advance notice (three days prior to the deposition where practicable) to the Designating Party and any other Parties participating in the deposition, so the Parties can ensure only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) are present at those proceedings and to allow the Designating Party an opportunity to object, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

Dkt. No. 168-4, sec. 8.4(h) (defendants).

The Court adopts plaintiffs' proposal. The Court agrees it would be unduly burdensome to require a party to provide advance notice of all confidential exhibits to be used in a deposition. The disputed provision applies only to "confidential," not "highly confidential," documents, and

3

1  existing protections in the model protective order are adequate to address defendants' concerns
2  about whether a witness may be shown a designated document.  The parties should be able to
3  address in real time during the deposition whether someone (not the witness) who is not
4  authorized to view a particular document must leave the deposition room while the witness is
5  being examined about the document.

**3.     Section 8.5/8.6: Disclosure of "Highly Confidential" Material to Experts**

The parties agree that no party may disclose another party's "highly confidential" information to a retained expert who is (1) a current officer, director, employee, or contractor of a Party or Party's Competitor, (2) a past officer, director, employee or contractor of a Party within the past six years, and (3) at the time of retention, anticipated to become an officer, director, employee, or contractor of a Party or of a Party's competitor.  *See* Dkt. No. 168-2, sec. 2.7 (plaintiffs); Dkt. No. 168-4, sec. 2.7 (defendants).  They disagree about whether a party must first also disclose additional information about the retained expert before disclosing another party's "highly confidential" information to that expert.  Plaintiffs argue that no additional disclosure should be required.  *See* Dkt. No. 168-2, sec. 8.5 (plaintiffs).  Defendants argue that the following additional information about the expert should be provided:

1. the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material that the Receiving Party seeks permission to disclose to the Expert,

2. the full name of the Expert and the city and state of his or her primary residence, a copy of the Expert's current resume,

3. the Expert's current resume;

4. the Expert's current employer(s),

5. each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and the Party to the litigation for whom such work was done,

6. any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and

7. any patents or patent applications in which the Expert is identified as an inventor or

4

applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. *See* Dkt. No. 168-4, sec. 8.6 (defendants). Plaintiffs argue that defendants' proposal effectively requires them to disclose their testifying experts well before such disclosure would otherwise be required. Citing this district's model protective order for litigation involving patents, highly sensitive confidential information and/or trade secrets, defendants argue that such disclosure is necessary because "plaintiffs intend to seek discovery that will implicate . . . sensitive and trade secret material, such as purchase information associated with in-app purchases on numerous third-party applications."

The Court rejects defendants' proposed addition of section 8.6 and adopts plaintiffs' proposal. While the Court agrees with defendants that it is not unusual for a protective order to require disclosure of additional information about a party's experts who will be permitted to view an adverse party's "highly confidential" information in cases involving competitively-sensitive technical information, trade secrets, sensitive national security information, or other similar highly sensitive information, the Court is not persuaded that defendants have demonstrated that discovery in these related actions will involve disclosure of anything like this kind of information. At issue in these actions is whether defendants distribute casino-style games that operate as social casinos and whether by doing so they promote, facilitate, and profit from illegal gambling in violation of federal and state law. It is unclear why defendants believe that discovery of "purchase information" associated with "in-app purchases" would require scrutiny of an expert's identity, residential address, current employer, prior engagements, and patenting activities, as a condition for receipt of "highly confidential" material. Plaintiffs' representation that its expert meets the criteria of agreed section 2.7 should be sufficient protection.

**4.    Section 15: Retention of Archival Copies**

The parties agree that their respective counsel should be able to retain an "archival copy" of documents containing another party's Protected Material, except that as to expert materials, plaintiffs argue that counsel should be permitted to retain archival copies of "consultant and expert work product," while defendants argue that counsel should only be permitted to retain archival copies of "consultant and expert final reports." *See* Dkt. No. 168-2, sec. 15 (plaintiffs); Dkt. No.

5

168-4, sec. 15 (defendants). For reference, this district's model protective orders permit counsel to retain archival copies of "all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, *expert reports*, attorney work product, and *consultant and expert work product*, even if such materials contain Protected Material." *See, e.g.,* Model Protective Order for Standard Litigation, sec. 13 (emphasis added).

The parties provide very little discussion supporting their respective positions. Plaintiffs' argument for why counsel should be permitted to retain a copy of expert work product is basically because it's part of the model order. While the model orders are always a good place to start, when there is a dispute, the existence of a model order provision is not necessarily dispositive. Defendants cite a "risk of a data breach" and observe that final expert reports likely will contain less confidential data and material than an expert's work product materials, and they argue that their proposal strikes an appropriate balance in view of the risk of improper access or disclosure.

The Court adopts defendants' proposal. The Court does not see any reason why any counsel would need to retain consultant or expert work product materials (e.g., drafts) that contain another party's Protected Material beyond the final disposition of these actions. Also, unlike attorney work product, it should be relatively easy for counsel to identify and destroy expert work product that contains another party's Protected Material, and after doing so, counsel will still be able to retain any final expert reports. For this reason, the Court adopts defendants' proposal.

\*\*\*

The parties shall file a proposed protective order that complies with this order by **September 19, 2025**.

**IT IS SO ORDERED.**

Dated: September 12, 2025

Virginia K. DeMarchi
United States Magistrate Judge