1  Rafey S. Balabanian (SBN 315962)
   rbalabanian@edelson.com
2  Todd Logan (SBN 305912)
   tlogan@edelson.com
3  EDELSON PC
   150 California Street, 18th Floor
4  San Francisco, California 94111
5  Tel: 415.212.9300 / Fax: 415.373.9435

6  *Interim Lead Counsel for Plaintiffs*
   *Law and Briefing Counsel for Plaintiffs*
7
8  **[Additional Counsel listed on signature page]**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02985-EJD<br><br>Judge:  Hon. Edward J. Davila<br>         Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD<br><br>Judge:  Hon. Edward J. Davila<br>         Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-cv-02777-EJD<br><br>Judge:  Hon. Edward J. Davila<br>         Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Pursuant to the Court's September 30, 2025 Order, *see In re: Apple*, ECF No. 176[1], the Parties provide the following Joint Status Report regarding scheduling proposals.

**I. Plaintiffs' Scheduling Proposal**

The Court is, at this point, closely familiar with Plaintiffs' allegations in these cases and the procedural history over the past the 4.5 years. And as Plaintiffs have previously argued, with each passing year, Defendants Facebook, Apple, and Google reap billions in profits from illegal "social casino" slot machine gambling transactions, largely on the backs of what the industry calls "whales"—a small segment of players who cannot control their gambling, spend tens and hundreds of thousands of dollars, and suffer grave financial and emotional harms as a result. *See, e.g.*, ECF No. 122 at 1-3. The Court has now twice found that Section 230 does not immunize Defendants here, and has found that Plaintiffs' claims may proceed as to eleven states' consumer protection statutes as well as three states' gambling loss recovery act statutes. ECF No. 176. Plaintiffs strongly agree with the Court's comments that "it is best to continue pushing these cases forward even as an appeal may be pending" and even as Plaintiffs intend to amend. *Id.* at 36-37.

Defendants suggest that Plaintiffs were uncooperative by conferring twice (with counsel for Meta on October 31 and with counsel for all Defendants on November 3), and somehow acted improperly by not agreeing that a status conference is necessary before moving this case forward.[2] But based on the Parties' two conferrals and based on Defendants' core positions as affirmed in their statements below, the crux of the Parties' competing proposals is simple and not one that any amount of additional conferral is likely to change: Plaintiffs believe the Court

---

[1] For ease of reference, this filing generally cites to the *In re: Apple* docket (Case No. 5:21-md-02985).

[2] Defendants also suggest that Plaintiffs were "unwilling to agree to . . . any modifications of their proposed schedule," but Defendants did not suggest any specific modifications during the Parties' telephonic conferrals. And when Defendants suggested that the parties jointly seek an extension, Plaintiffs told Defendants that, as a professional courtesy, they would not oppose such a motion by defendants, provided that Plaintiffs' non-opposition would not be used as a basis for Defendants to argue for any further stay of the case.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

1

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

should enter a full schedule and that any discovery stays should be lifted, and Defendants do not. Plaintiffs respectfully suggest that the case should begin moving forward immediately.

To that end, Plaintiffs propose that the discovery stay be lifted, effective immediately. While Plaintiffs will be amending their master complaints, there are already over a dozen live claims in each case, leaving no basis for any limits to or phasing of discovery. Any attempt to bifurcate discovery or limit it provisionally to certain claims would cause further delay and is likely to lead to unnecessary, peripheral disputes over the precise boundaries of different discovery phases. And in any event, the factual allegations underlying Plaintiffs' loss recovery act, consumer protection, unjust enrichment, and RICO claims are substantially similar, so the scope of discovery would not be meaningfully different if it were limited to a subset of claims.

Given the nature, breadth, and scope of the issues presented by this case, Plaintiffs anticipate that the Parties may need to engage in discovery beyond the limits prescribed by the Federal Rules, including those limits placed on depositions and interrogatories. Plaintiffs' proposed schedule below suggests that the parties submit a joint discovery status report and plan after the first few months of discovery which addresses proposed deviations from the presumptive limits set by the Federal Rules of Civil Procedure. To be clear, Plaintiffs propose that the Parties commence normal discovery in the meantime, and simply check in with the Court early next year about progress, the number of depositions anticipated, and the like.

Lastly, Plaintiffs expect Defendants may elect to file additional motions regarding the second amended master complaints, but any such motions should be briefed and adjudicated contemporaneously with the parties' pursuit of discovery. Pleadings motions never require a stay of discovery, and here—where the parties and the Court have already gone through two rounds of Rule 12(b)(6) briefing and at least one interlocutory appeal (with another requested)—a further stay is not warranted.

Therefore, Plaintiffs respectfully request that the Court enter the following schedule:

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

2

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

| Event | Date |
|---|---|
| Deadline to File Proposed ESI Protocol and Rule 502(d) Order | November 21, 2025 |
| Deadline to File Second Amended Master Complaints | December 12, 2025 |
| Deadline to Respond to Second Amended Master Complaints | January 23, 2026 |
| Deadline for Joint Statement regarding Discovery Plan | March 27, 2026 |
| Deadline for Class Certification Motions | June 12, 2026 |
| Disclosure of Expert Witness Reports | September 11, 2026 |
| Disclosure of Rebuttal Expert Witness Reports | October 9, 2026 |
| Trial-Setting Conference | November 13, 2026 |
| Discovery Completed | December 18, 2026 |
| Deadline for Dispositive Motions | January 22, 2027 |
| Deadline for Motions *in Limine*, Joint Witness List, Joint Exhibit List, Joint Final Pretrial Conference Statement (Trial #1) | June 16, 2027 |
| Deadline for Jury Materials (Trial #1) | June 23, 2027 |
| Final Pretrial Conference (Trial #1) | June 30, 2027 |
| Trial #1 | July 6, 2027 |
| Trial #2 | September 7, 2027 |
| Trial #3 | November 8, 2027 |

## II. Defendants' Scheduling Proposal

Defendants respectfully request a status conference as soon as the Court is available (in person or via Zoom). There are several significant items that the parties can and should address before the discovery stay can be lifted, and before a full case schedule with three different trial dates can be set. Defendants proposed this approach to Plaintiffs' counsel, but they were unwilling to agree to a status conference (or any modifications to their proposed schedule, which they sent to Defendants just yesterday). This is not a constructive way to confer cooperatively in advance of what is supposed to be a joint report, nor does it reasonably allow for a meaningful conferral with clients. In the alternative, Defendants request that the Court order the parties to meet and confer and propose an updated joint status report within two weeks.

There are several important threshold issues that should be addressed:

- ***The Contours of Plaintiffs' Proposed Amended Complaint.*** Plaintiffs have not explained what they will seek to amend, nor have they explained why they have not yet sought

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

3

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

the Court's approval to file their proposed amended complaint, much less why they need another five weeks to file the complaint if the Court grants approval. Absent a motion for broader leave, any proposed amendments should be limited to the specific claims this Court dismissed—except the California claims, which were dismissed with prejudice. Defendants do not oppose Plaintiffs' submission of a request for leave by December 12, 2025, provided that such request includes a proposed amended complaint and Defendants are not required to respond to any discovery before the pleadings are resolved. Discovery should not be done in service of an amended complaint, and the contours of proportional, appropriate discovery will be bound by the scope of the case, which the Court has narrowed substantially.

- ***The Jurisdictional Impact of Plaintiffs' Proposed Amended Complaint on the Pending Appeal***. As contemplated by this Court's *sua sponte* certification order, Defendants have sought the Ninth Circuit's permission to appeal. In opposition to the petition, Plaintiffs have argued that the appeal will be moot if their proposed amended complaint is accepted, citing *Falck Northern California Corp. v. Scott Griffith Collaborative Solutions, LLC*, 25 F.4th 763, 765 (9th Cir. 2022). If Plaintiffs are correct, then Plaintiffs' filing of an amended complaint before the Ninth Circuit has acted on Defendants' petition would frustrate this Court's intention of having the Ninth Circuit review the Section 230 issues that this Court has certified.

- ***The Scope and Timing of Discovery***. Defendants hear and heed the Court's instruction that the parties should not assume discovery will remain stayed, and have begun the discovery process by exchanging initial disclosures, responding to an initial request for production of transaction data, and obtained entry of a protective order. But broad, wholesale discovery would not be appropriate when the pleadings have yet to be resolved. Defendants do not oppose Plaintiffs' proposal to submit a proposed discovery plan (or any disputes over that plan) by March 27, 2026, provided that the issues surrounding any proposed amended complaint be resolved first. Defendants do oppose any notion that discovery should simply proceed before any sort of plan is put in place.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

4

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

- ***The Contours of the Scheduling Order.*** The remainder of the case schedule is heavily contingent on each of these above items, and Defendants propose that the most sensible course is to set a schedule for briefing choice of law issues, for briefing remaining motions directed to the pleadings (if and when any proposed amended complaint is accepted by the Court). At most, if the Court desires to set a schedule beyond those steps, the next key stage will be briefing class certification. Whether and how this case would proceed beyond that point will affect the scope and length of any trial.

Plaintiffs' argument that the case can simply proceed through discovery without addressing any of these issues is belied by the fact that they wish to have two-and-a-half months to present a request to propose an amended complaint whose contours they have yet to articulate, and that they seek to use that proposed amendment to frustrate the Court's certification of the case for immediate appellate review.

While Defendants believe that dates should be set only after holding a status conference, the following are preliminary proposals to consider in advance of that conference:

| Event | Date |
| --- | --- |
| Deadline to File Proposed Second Amended Master Complaints | December 12, 2025 |
| Deadline to File Proposed ESI Protocol and Rule 502(d) Order | December 29, 2025 |
| Deadline to Respond to Second Amended Master Complaints, and file any choice of law motions | January 16, 2026 |
| Deadline for Joint Statement regarding Discovery Plan (contingent upon resolution of pleadings-related issues) | March 27, 2026 |
| Deadline for Class Certification Motions, including all expert witness reports and evidence in support | August 28, 2026 |

Dated: November 4, 2025

**EDELSON PC**

By: /s/ *Todd Logan*

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

5

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

|   |   |
|---|---|
| | Rafey S. Balabanian (SBN 315962) |
| | rbalabanian@edelson.com |
| | Todd Logan (SBN 305912) |
| | tlogan@edelson.com |
| | Brandt Silverkorn (SBN 323530) |
| | bsilverkorn@edelson.com |
| | 150 California Street, 18th Floor |
| | San Francisco, CA 94111 |
| | Tel: 415.212.9300 |
| | Fax: 415.373.9435 |
| | |
| | *Plaintiffs' Interim Lead Counsel* |
| | *Plaintiffs' Law and Briefing Counsel* |
| Dated: November 4, 2025 | **DLA PIPER LLP (US)** |
| | |
| | By: /s/ *John Samuel Gibson* |
| | |
| | John Samuel Gibson (SBN 140647) |
| | john.gibson@us.dlapiper.com |
| | 2000 Avenue of the Stars, Suite 400 North Tower |
| | Los Angeles, CA 90067-4704 |
| | Tel: 310.595.3039 |
| | Fax: 310.595.3339 |
| | |
| | *Attorneys for Defendant Apple Inc.* |
| Dated: November 4, 2025 | **COOLEY LLP** |
| | |
| | By: /s/ *Teresa H. Michaud* |
| | |
| | Teresa H. Michaud (SBN 296329) |
| | tmichaud@cooley.com |
| | 355 South Grand Ave., Suite 900 |
| | Los Angeles, CA 90071 |
| | Tel: 213.561.3250 |
| | Fax: 213.561.3244 |
| | |
| | *Attorneys for Google LLC and Google Payment Corp.* |
| Dated: November 4, 2025 | **GIBSON, DUNN & CRUTCHER LLP** |
| | |
| | By: /s/ *Christopher Chorba* |
| | |
| | Christopher Chorba (SBN 216692) |
| | cchorba@gibsondunn.com |
| | 333 South Grand Avenue |

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

6

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Los Angeles, CA 90071
Tel: 213.229.7000
Fax: 213.229.7520

*Attorneys for Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.)*

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

7

**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

# FILER'S ATTESTATION

Pursuant to Local Rule 5-1(h)(3) of the Northern District of California, I hereby certify that the content of this document is acceptable to John Samuel Gibson, Teresa H. Michaud, and Christopher Chorba, and that I have obtained their authorization to affix their electronic signatures to this document.

Dated: November 4, 2025 By: /s/ *Todd Logan*
Todd Logan
Attorney for Plaintiffs

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

8

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435