Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300 / Fax: 415.373.9435

*Interim Lead Counsel for Plaintiffs*
*Law and Briefing Counsel for Plaintiffs*

[Additional Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02985-EJD<br><br>Judge:   Hon. Edward J. Davila<br>            Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD<br><br>Judge:   Hon. Edward J. Davila<br>            Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-cv-02777-EJD<br><br>Judge:   Hon. Edward J. Davila<br>            Hon. Mag. Virginia K. DeMarchi<br><br>**JOINT STATUS REPORT** |

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Pursuant to the Court's November 25, 2025 Order, *see In re: Apple*, ECF No. 181[1], the Parties provide the following Joint Status Report.

**I. Plaintiffs' Report**

As discussed at the November 25, 2025 status conference, Plaintiffs shared draft proposed amended complaints with Defendants on December 12 and requested a meet-and-confer during the week of December 15, in advance of the holidays. *Accord* ECF No. 184 at 33:19-21. In the same email, Plaintiffs also laid out the proposed next steps set forth below, including Plaintiffs' proposal regarding discovery. Plaintiffs received no response at all until December 23, and Defendants did not provide any substantive position or reaction to Plaintiffs' proposals until late evening January 6. In the meantime, the Ninth Circuit granted Defendants' petition to appeal pursuant to 28 U.S.C. §1292(b) on December 16. *See* ECF No. 185. The appellate briefing schedule provides that Defendants' opening brief is due March 11, 2026, and Plaintiffs' answering brief is due April 10, 2026.

As Plaintiffs proposed to Defendants on December 12, Plaintiffs believe the following path will allow this litigation to move forward—including by giving Plaintiffs the opportunity to amend their pleadings in light of the Court's September 30, 2025 Order—while still allowing the Ninth Circuit to review the issues this Court certified for interlocutory appeal.

**A. Proposed FRCP 54(b) Judgment and Appeal on California Claims**

The California Plaintiffs in each of the above-captioned actions anticipate filing a motion asking the Court to enter final judgment as to Counts I and II of the First Amended Master Complaints (*i.e.*, the "California Claims") pursuant to Federal Rule of Civil Procedure 54(b). Those claims were dismissed with prejudice, and there is no just reason to delay appellate review. *See Schuman v. Microchip Tech. Inc.*, 139 F.4th 1045, 1054 (9th Cir. 2025) (affirming Rule 54(b) certification where immediate review of a threshold legal question would "streamline

---

[1] For ease of reference, this filing generally cites to the *In re: Apple* docket (Case No. 5:21-md-02985), except where otherwise noted.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

1

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

the ensuing litigation"); *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) ("[A] district court can enter final judgment on a claim even if it is not 'separate from and independent of the remaining claims.' And such a judgment is permissible even if the claim 'arises out of the same transaction and occurrence as pending claims.'" (internal citations omitted)). If the Court enters final judgment as to the California Claims, the California Plaintiffs intend to appeal under 28 U.S.C. § 1291. Those appeals would allow the parties to present all arguments relating to the California Claims, including any cross-appeals addressing other aspects of the Court's September 30 Order (such as the Court's Section 230 analysis). For efficiency, the California Plaintiffs would also propose to the Ninth Circuit that their § 1291 appeals regarding the California Claims should be consolidated with the Defendants' pending § 1292(b) appeals regarding Section 230.

Entering final judgment on the California Claims, and thereby allowing the California Plaintiffs to appeal now rather than at the end of the litigation as a whole, advances both the California Plaintiffs' interests in appellate review of their claims and also gives the Ninth Circuit an avenue to review all arguments related to those claims—including arguments about this Court's Section 230 analysis, which Defendants are near-certain to raise—in the context of a § 1291 appeal. Providing this additional (or alternative) path to appellate review of Section 230 arguments makes it more likely that the Ninth Circuit will engage substantively with those issues, particularly given the mootness and jurisdictional issues in Defendants' § 1292(b) appeals. As discussed at the November 25 status conference and in Plaintiffs' appellate filings, Defendants' § 1292(b) appeals are likely moot, since the Court has indicated that Plaintiffs will be permitted to amend all non-California claims, and the September 30 Order therefore largely addresses a non-operative or expected-to-become-non-operative pleading.[2] The California

---

[2]   The fact that the Ninth Circuit granted Defendants' § 1292(b) petitions does not negate these concerns. The Circuit will still be required to analyze its jurisdiction. And just like the prior round of appeals, it is distinctly possible the Circuit would decline to reach the merits for jurisdictional reasons, even after granting a § 1292(b) petition. *In re Facebook Simulated Casino-Style Games Litig.*, No. 22-16888, 2024 WL 2287200 (9th Cir. May 21, 2024).

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

2

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Claims, by contrast, have been dismissed with prejudice and therefore cannot be amended, so an appeal as to those claims (and all related arguments) is ripe.

### B. The Court Should Allow Amended Pleadings and Written Discovery on All Other Claims to Proceed.

Meanwhile, proceedings in this Court could continue as to all remaining claims, including those that survived dismissal and those dismissed without prejudice. Litigation as to all the non-California claims would in no way disrupt or even affect Ninth Circuit review of the California Claims and related arguments, and vice versa.

Therefore, Plaintiffs propose to file Second Amended Master Complaints (which would not re-assert any California Claims, pursuant to the Court's September 30 Order). Plaintiffs have not yet had the opportunity to amend their pleadings in response to a multi-issue motion to dismiss, and Defendants' § 1292(b) appeals on a single argument—one that's been previously briefed before the Ninth Circuit and twice rejected by this Court—should not take away or unduly delay Plaintiffs' opportunity to amend their dozens of claims.[3] Plaintiffs could file Second Amended Master Complaints expeditiously, and have already provided draft amendments to the Defendants.

Once the amended pleadings are filed, the Court can manage the case schedule and discovery in its discretion, even if the Defendants' § 1292(b) appeals and/or the California Plaintiffs' anticipated appeals remain pending. As laid out in the Parties' November 4, 2025 Joint Status Report, ECF No. 179, given the age of this case and the amount of ink spilled on pleadings motions already, Plaintiffs propose that the stay should be lifted, at least as to written discovery, so that depositions can begin promptly after the Ninth Circuit resolves the

---

[3] Another path that is open to Defendants is to quickly refile motions to dismiss the contemplated Second Amended Master Complaints, exclusively on Section 230 grounds. The Defendants could likely incorporate all prior briefing, and the Court would likely be able to issue an order that simply incorporates its prior analysis and re-certifies the issue under § 1292(b). This would enable the Ninth Circuit to review this Court's Section 230 analysis on an operative pleading and avoid the jurisdictional pitfalls of the currently pending § 1292(b) appeals.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

3

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

1   interlocutory appeal. Plaintiffs also propose that the Court should direct the parties to propose a
2   full schedule of discovery and dispositive motions deadlines to guide these cases toward a trial in
3   the latter half of 2027.

4         Finally, Defendants provided a non-final draft of the eight-page "report" below for the
5   first time on January 6, 2026, at 9:48 p.m., approximately 18 hours before the filing deadline.
6   Prior to that time, Defendants had not shared with Plaintiffs any concerns about this Court's
7   jurisdiction while the § 1292(b) appeal is pending, despite the Court's instructions to the Parties
8   at the November 25 status conference to confer regarding Plaintiffs' anticipated amended
9   pleadings and a path forward on discovery. Accordingly, Plaintiffs have not had a reasonable
10  opportunity to substantively review, let alone respond to, Defendants' arguments. If Defendants
11  seek particular relief, such as a stay, then they must file a motion. *See* N.D. Cal. Civil Local Rule
12  7-1(a); *but see* ECF No. 176 at 37 ("In conferring on a schedule, the parties should not expect
13  that the Court will further stay discovery regardless of whether Plaintiffs intend to amend.");
14  ECF No. 184 at 27:4-14 (advising Defendants that "[t]he Court inclines to open some discovery
15  up here to allow you to get information you need to go further on this[.]"). Otherwise, if a
16  detailed response to Defendants' report would be helpful to the Court, Plaintiffs submit that it
17  would be appropriate to allow a short time to prepare one. Five days would suffice.

18  **II. Defendants' Report**

19        On September 30, 2025, the Court denied application of Section 230 immunity but
20  dismissed several claims for relief alleged in the Complaint on other grounds.  At the
21  November 25, 2025 conference—while Defendants' petition for the Ninth Circuit to grant
22  interlocutory review of the Court's Section 230 ruling still was pending—Plaintiffs expressed
23  their desire to amend the complaint in an attempt to replead the dismissed non-California claims.
24  At the conference, the Court directed the parties to confer on the path forward.  In particular, the
25  parties were to discuss whether any aspects of the cases, including potential limited discovery,
26  could proceed pending action by the Ninth Circuit.  As for potential limited discovery, the Court

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

4

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

asked Plaintiffs to "identify what you think you need to get done now." (Nov. 25 Tr. at 23–24.)

But subsequent developments—most notably, the Ninth Circuit's decision to grant the Defendants' petitions (No. 25-6437, Dkt. 14 (9th Cir. Dec. 16, 2025))—changed the landscape. The Ninth Circuit's decision early in the week of December 15 changed everything, and now casts substantial doubt on the jurisdiction to proceed on any aspects of the cases while the appeal is pending. And Plaintiffs still have not answered the question that the Court posed to them on November 25 regarding discovery.

Therefore, Defendants are concerned that any attempt to proceed in this Court during the pendency of the interlocutory appeal might later be set aside. Defendants thus believe, as detailed below, that the best path forward is for the parties to simultaneously (1) brief the Court on the jurisdictional issue (including a mandatory stay if the Court has been divested of jurisdiction or a discretionary stay in the event the Court retains jurisdiction), and (2) confer regarding potential options to proceed if the Court is disinclined to stay these proceedings, including a motion to enforce California choice of law provisions in agreements between individual Plaintiffs and individual Defendants.

1. **The Ninth Circuit's Grant of Interlocutory Review Raises Significant Jurisdictional Issues, and in Any Event Warrants a Stay.**

*Jurisdiction/Mandatory Stay.* On December 16, 2025, the Ninth Circuit granted Defendants' request to appeal this Court's Section 230 ruling, and it also denied Plaintiffs' request to cross-appeal the dismissal of the California law claims. (No. 25-6437, Dkt. 14 (9th Cir. Dec. 16, 2025).) The appeal thus will focus on the claims that were permitted to proceed, including whether Section 230 bars such claims. This development now raises significant jurisdictional questions as to whether the litigation can proceed in this Court.[4] The appeal

---

[4] Plaintiffs argue that, before Defendants sent their portion of this status report on January 6, "Defendants had not shared with Plaintiffs any concerns about this Court's jurisdiction while the § 1292(b) appeal is pending … ." But Defendants previewed these issues in their briefing in support of their petitions for interlocutory appeal. *See* Reply, No. 25-6437, Dkt. 11.2 at 2 n.1

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

5

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

presents a threshold question—whether Defendants can be subject to these lawsuits at all—so the most efficient course is to stay these actions until the appeal is resolved. After all, Section 230's protections "must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008); *Fields v. Twitter, Inc.*, No. 16-213-WHO (N.D. Cal. Apr. 7, 2016) (granting stay). Because a reversal would terminate these actions in their entirety, the appeal affects the entire case, with jurisdictional implications. At a minimum, any ruling on a motion to amend is jurisdictionally barred, because the surviving claims are all at issue on appeal. Although Plaintiffs argue that the appeal should not delay their opportunity to amend, their request disregards this jurisdictional limitation as well as their own arguments to this Court and the Ninth Circuit that further amendments would moot the pending appeal. *See, e.g.*, No. 25-6437, Dkt. 9 at 9–11 (9th Cir. Oct. 30, 2025); Nov. 25 Tr. at 7-8. Briefing on these issues should resolve which aspects of the case may move forward, if any.

***Discretionary Stay.*** Further, even if the Court retains jurisdiction over elements of the case, a discretionary stay is warranted. Although Defendants understand the Court wishes to move these cases forward, Defendants would be prejudiced if full discovery moves forward now, where Plaintiffs may seek to amend the pleadings after the appeal to replead dismissed claims, thereby significantly altering the scope of relevant discovery. The most efficient path is to resolve the appeal before moving forward and creating any uncertainty or further procedural roadblocks to a final appellate resolution of the Section 230 issues. Plaintiffs will not be prejudiced by a brief pause: they waited more than two months after the Court's motion to dismiss ruling before proposing an amended complaint, underscoring the absence of any urgency. Defendants also oppose Plaintiffs' proposed Rule 54(b) judgment on their California

---

(9th Cir. Nov. 11, 2025) ("Once this Court grants the petition for permission to appeal, the district court will be divested of jurisdiction over the aspects of the case involved in the appeal, preventing Plaintiffs from mooting the appeal while it is pending.")).) Plaintiffs appear to have disregarded the implications of the Ninth Circuit's grant of interlocutory review and seek to proceed as if no appeal is pending.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

6

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

claims, which will only result in inefficient, piecemeal proceedings—and which also ignores the Ninth Circuit's express rejection of their attempt to appeal that issue now.

In the event the Court does not stay proceedings, one approach to ensure continued progress of these actions but avoid disrupting appellate jurisdiction would be to brief the choice-of-law issue that could terminate the case as to Meta (and possibly other Defendants). Defendants look forward to addressing these topics with the Court next week, but they provide an overview here of some of the legal authority addressing the jurisdictional and procedural issues.

- ***The Ninth Circuit's grant of interlocutory review divests this Court of jurisdiction over aspects of the case involved in the appeal.*** In general, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). When a party seeks permission to appeal an "interlocutory order," the "notice of appeal . . . is deemed to have been 'filed' with a court of appeals" when the "court of appeals grants [the] party permission to appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885-86 (9th Cir. 2001); *see id.* at 886 (explaining that an "interlocutory appeal" under 28 U.S.C. § 1292(b) "divests the district court of jurisdiction over the particular issues involved in that appeal").

Where, as here, the court of appeals must decide whether the case can go forward in the district court at all—i.e., a ruling by the appeals court would be case-dispositive—"the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). In that instance, the "district court must stay its proceedings" because "it 'makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.'" *Id.* (citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)); *cf.* Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1 (5th ed.) ("An appeal from a judgment that determines the whole action accomplishes the broadest ouster of district court jurisdiction.") Courts have applied that

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

7

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

1  rule to interlocutory appeals involving arbitrability, qualified immunity, and double jeopardy.
2  *See Coinbase*, 599 U.S. at 741-42; *see also Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)
3  (holding that when a defendant files an interlocutory appeal asserting qualified immunity, "the
4  district court is automatically divested of jurisdiction to proceed with trial pending appeal," and
5  staying case). Those courts have explained that an interlocutory appeal not only divests the
6  district court of authority to "accept an amended complaint" or resolve dispositive motions, but
7  also "of the authority to order discovery or conduct other burdensome pretrial proceedings."
8  *May v. Sheahan*, 226 F.3d 876, 880 (7th Cir. 2000); *see Coinbase*, 599 U.S. at 743.

The same principles apply here, where the court of appeals must determine whether Section 230 immunizes the defendants from every claim Plaintiffs have asserted. Because, as this Court has noted, the Ninth Circuit's ruling on interlocutory appeal could "resolve[] the case "in its entirety" (Dkt. 80 at 36), "the entire case is essentially 'involved in the appeal,'" *Coinbase*, 599 U.S. at 741.[5] Moreover, Section 230 is "an immunity statute" that is intended "to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles." *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc). Thus, a district court should not order burdensome discovery related to a specific claim while the appellate court is evaluating whether Section 230—an immunity statute intended to prevent costly litigation—bars that claim in its entirety. In cases where a court of appeals has granted interlocutory review of a Section 230 issue, district courts have consistently stayed proceedings with respect to every claim to which the Section 230 defense arguably applies. *See, e.g.*, *A.B. v. Salesforce.com, Inc.*, No. 20-cv-01254 (S.D. Tex.

---

[5] Although the Ninth Circuit declined to extend *Coinbase* to the federal officer removal context, the panel expressly distinguished situations like this one where the issue on appeal implicates "whether the parties are entitled to the discovery they seek" or "whether the claims have merit," because those situations implicate *Griggs*. *California by and through Harrison v. Express Scripts, Inc.* 139 F.4th 763, 771 (9th Cir. 2025), *petition for cert. filed*, No. 25-327 (U.S. Sep. 16, 2025). Here, the appeal presents a threshold merits question—whether Section 230 bars Plaintiffs' surviving claims in their entirety—and thus whether Plaintiffs may proceed past the pleading stage to discovery.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

8

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Nov. 21, 2023), ECF No. 208; *Doe v. Twitter, Inc.*, No. 21-cv-00485 (N.D. Cal. Oct. 26, 2021), ECF No. 85.

- ***A stay is also warranted under the Court's discretionary authority.*** Even if the Court were to find it retains jurisdiction over discovery or other issues pending appeal, the Court should exercise its discretion to stay proceedings in order to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant such a stay, courts consider whether there is any damage that could result from granting a stay, "the hardship or inequity which a party may suffer in being required to go forward," and whether the issues or questions of law at issue would be "simplif[ied] or complicat[ed]" as a result of the stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a stay is appropriate because the entire case may be resolved by the appeal, rendering any interim discovery, motions practice, or other proceedings potentially unnecessarily burdensome. As noted above, Section 230 is intended to protect covered interactive computer services from the litigation process itself. *Roommates.com*, 521 F.3d at 1174. The Ninth Circuit has now twice recognized that the Section 230 issues in this case are close enough to merit interlocutory review. Staying district court proceedings pending appeal is the only way to ensure Section 230's protections are not nullified in the event of reversal.

Further, Plaintiffs' claims have been significantly narrowed. If the case is allowed to proceed following appeal, Plaintiffs might seek to replead claims that were dismissed without prejudice, including their federal RICO claims, which would alter the scope of the pleadings and relevant discovery if any claims survive following subsequent motion to dismiss briefing. Defendants would be prejudiced if required to initiate discovery now, only to re-do discovery after Plaintiffs amend.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

9

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

All three considerations identified in *CMAX* accordingly warrant a stay.[6] *First*, Plaintiffs face no possible prejudice from a stay because the appeal process has a reasonable end point and there has been no indication of prejudice due to passage of time thus far in the litigation. *Second*, absent a stay, Defendants would face the hardship of being forced to engage in further proceedings regarding claims to which they may be immune—defeating one of the primary purposes of Section 230. *Third*, the ruling on appeal could certainly simplify the litigation by entirely resolving whether Plaintiffs have any claim against Defendants at all. Declining to stay these proceedings, in contrast, could complicate the issues due to jurisdictional concerns that Plaintiffs have raised.

Defendants recognize that this Court previously declined to enter a stay pending the petitions for interlocutory appeal in order to "push[] these cases forward." Dkt. 181 at 35. However, Plaintiffs did not use the *months* that have passed since then to move the case forward and the Ninth Circuit has *again* granted interlocutory review, which should change the calculus. In addition, Plaintiffs have argued that further proceedings in this Court may disrupt the Ninth Circuit's jurisdiction. *See* No. 25-6437, Dkt. 9 at 9–11 (9th Cir. Oct. 30, 2025) (Plaintiffs' argument that if they are permitted to amend while the appeal is pending, "the question of whether the now-superseded complaint states a claim upon which relief can be granted will be moot," and the Ninth Circuit "will therefore lack jurisdiction and be required to dismiss the appeal,"… "no matter the content of the amended complaint."); Nov. 25 Tr. at 7-8 (Plaintiffs advocating for amendment now to avoid "mooting" the Ninth Circuit appeal). Thus, if the Court determines that it has not been divested of jurisdiction, the Court should order a full stay of proceedings.

---

[6] Courts are divided as to the standard for discretionary stays during interlocutory appeal, some applying the *Landis* test and others the factors laid out in *Nken v. Holder*, 556 U.S. 418, 433 (2009). *See, e.g.*, *Finder v. Leprino Foods Co.*, 2017 WL1355104, at *1–3 (E.D. Cal. Jan. 20, 2017) (collecting cases). However, courts considering whether to stay *proceedings*, rather than a judgment or order, "have overwhelmingly concluded that the *Landis* test or something similar governs." *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019). Although *Landis* applies here, a stay would be proper even under *Nken*'s similar factors.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

10

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

- ***An amended complaint is impermissible.*** Plaintiffs shared a draft of their proposed amendments on December 12, as the Court ordered them to do, but the Ninth Circuit's December 16 order granting the petitions for interlocutory appeal has preempted Plaintiffs' proposal. Plaintiffs nonetheless argue they should still have an opportunity to amend their pleadings, but as already explained, this Court lacks jurisdiction to grant Plaintiffs leave to file an amended complaint while the Ninth Circuit appeal is pending. Thus, Plaintiffs may not file an amended complaint until after the Ninth Circuit's decision—and even then, they may do so only if the Ninth Circuit issues a ruling that allows this case to proceed in some form. *See, e.g.*, *Perfect 10, Inc. v. Google, Inc.*, 2008 WL 4217837, at *6 (C.D. Cal. July 16, 2008) ("[D]istrict courts may not rule on motions to amend a complaint after a court of appeals accepts jurisdiction over an interlocutory appeal, if the proposed amendment implicates factual or legal issues on appeal."). There is no undue prejudice from this rule because Plaintiffs had ample opportunity to attempt to amend their complaint, both while the motion to dismiss was pending and in the more-than 2.5 months that passed between this Court's Order and the Ninth Circuit's acceptance of the appeal.

- ***Choice-of-law briefing.*** As just explained, the Ninth Circuit's grant of interlocutory review divests this Court of jurisdiction while the appeal is pending. However, if the Court concludes that it retains jurisdiction over certain aspects of the case despite the pending appeal, and if it declines to enter a discretionary stay, then the parties could brief the choice of law issues in the case. Facebook's Terms of Service state that California law governs any claim, cause of action, or dispute arising out of Plaintiffs' use of Facebook, and the Court previously held that Plaintiffs cannot maintain a claim under California law. Dkt. 181 at 15-17. So, if the choice of California law governs Plaintiffs' claims, then all of their state-law claims against Meta would be barred. Provided that it receives sufficient identifying information from Plaintiffs (or a stipulation that Plaintiffs agreed to the Terms of Service), Meta is prepared to submit a brief on the choice-of-law issues by February 16, 2026.

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

11

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

- ***Rule 54(b) Judgment Should not be Entered on Counts I and II.*** Plaintiffs state they intend to move for entry of final judgment as to Counts I and II under Federal Rule 54(b). Defendants oppose any such request. Final judgment may only be entered if the Court "expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b), and Plaintiffs' proposed piecemeal approach to litigation will only create further inefficiencies. The Ninth Circuit already denied Plaintiffs' cross-appeal of the California law issues, signaling in the clearest possible terms that it does not want to hear the California law issue ahead of the rest of the case. And because Section 230 may bar all claims, the pending interlocutory appeal may resolve the entire litigation without requiring further consideration of California's clear and longstanding policy against allowing litigation of gambling-related claims. Further, as detailed above, Meta (and potentially other defendants) intend at the appropriate time to brief choice of law issues that will result in California law barring all other state law claims. The court's order dismissing Counts I and II would be most efficiently reviewed in conjunction with any decision adjudicating the choice of law issues—which would be necessary only if the Ninth Circuit affirms this Court's ruling on the Section 230 issue.

### 2. The Scope and Timing of Sequenced Discovery, If Any.

The parties already engaged in limited discovery. Specifically, Defendants have exchanged initial disclosures, responded to an initial request for production of transaction data, and finalized a protective order. Defendants do not oppose Plaintiffs' proposal to submit a proposed discovery plan (or any disputes over that plan) by March 27, 2026 (*see* Dkt. 185 at 3), but discovery should not disrupt the pending appeal. In particular, broad discovery would be inappropriate while the appeal is pending, and in light of the jurisdictional issues identified above. Defendants propose that the parties discuss options for exchanging limited discovery if the litigation is not fully stayed.

At the last status conference, the Court explained that it might "permit some discovery and allow [Plaintiffs] to identify what [they] think [they] need to get done now, and stage that

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

12

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

1  and present that to the defense so they can give [Plaintiffs] what [they] need for whatever
2  purpose it brings you … ,” but to date Plaintiffs have not identified what discovery they believe
3  is reasonable and necessary at this juncture. (See Nov. 25 Tr. at 23–24 (emphasis added).)
4  Consistent with the Court's comments, Defendants remain willing to meet and confer on the
5  contours of limited discovery, but do oppose any notion that broad discovery should simply
6  proceed before any sort of plan and tailored approach to sequenced discovery is put in place.

Dated: January 7, 2026          **EDELSON PC**

By: /s/ Todd Logan

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Plaintiffs' Interim Lead Counsel*
*Plaintiffs' Law and Briefing Counsel*

Dated: January 7, 2026          **DLA PIPER LLP (US)**

By: /s/ John Samuel Gibson

John Samuel Gibson (SBN 140647)
john.gibson@us.dlapiper.com
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3039
Fax: 310.595.3339

*Attorneys for Defendant Apple Inc.*

Dated: January 7, 2026          **COOLEY LLP**

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD;
21-cv-02777-EJD

13

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

|   |   |
|---|---|
|   | By: /s/ Teresa H. Michaud |
|   | Teresa H. Michaud (SBN 296329)<br>tmichaud@cooley.com<br>355 South Grand Ave., Suite 900<br>Los Angeles, CA 90071<br>Tel: 213.561.3250<br>Fax: 213.561.3244 |
|   | *Attorneys for Google LLC and Google Payment Corp.* |
| Dated: January 7, 2026 | **GIBSON, DUNN & CRUTCHER LLP** |
|   | By: /s/ Christopher Chorba |
|   | Christopher Chorba (SBN 216692)<br>cchorba@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel: 213.229.7000<br>Fax: 213.229.7520 |
|   | *Attorneys for Defendant Meta Platforms, Inc. (f/k/a Facebook, Inc.)* |

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

14

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(h)(3) of the Northern District of California, I hereby certify that the content of this document is acceptable to John Samuel Gibson, Teresa H. Michaud, and Christopher Chorba, and that I have obtained their authorization to affix their electronic signatures to this document.

Dated: January 7, 2026            By: /s/ Todd Logan
                                                     Todd Logan
                                                     Attorney for Plaintiffs

JOINT STATUS REPORT
Case Nos. 21-md-02985-EJD; 21-md-03001-EJD; 21-cv-02777-EJD

15

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435