Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
Brandt Silverkorn (SBN 323530)
bsilverkorn@edelson.com
**EDELSON PC**
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 / Fax: 415.373.9435

*Plaintiffs' Interim Lead Counsel*
*Plaintiffs' Law and Briefing Counsel*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| IN RE: APPLE INC. APP STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02985-EJD<br><br>**PLAINTIFFS' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING**<br><br>Judge:   Hon. Edward J. Davila<br>             Hon. Mag. Virgina K. DeMarchi |
| IN RE: GOOGLE PLAY STORE SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-03001-EJD<br><br>**PLAINTIFFS' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING**<br><br>Judge:   Hon. Edward J. Davila<br>             Hon. Mag. Virgina K. DeMarchi |
| IN RE: FACEBOOK SIMULATED CASINO-STYLE GAMES LITIGATION | Case No. 5:21-md-02777-EJD<br><br>**PLAINTIFFS' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING**<br><br>Judge:   Hon. Edward J. Davila<br>             Hon. Mag. Virgina K. DeMarchi |

PLS.' RESPONSE RE: ORDER
FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

In response to the Court's January 8, 2026, Order in the above-captioned matters, *see In re: Apple*, Dkt. 190, Plaintiffs submit this brief to address (1) whether the Ninth Circuit's grant of interlocutory review under 28 U.S.C. § 1292(b) divests this Court of jurisdiction, (2) whether the Court may and should exercise its discretion to stay proceedings, and (3) whether the Court may nonetheless continue to issue discovery-related orders.[1] As set forth below, the interlocutory appeal emphatically does not deprive the Court of jurisdiction over this action. And because the Court retains jurisdiction and a stay is not warranted, Plaintiffs submit that the Court should allow the case to continue to move forward, including through appropriate discovery, consistent with the Court's prior guidance and its inherent authority to manage its docket.

**I.   The Ninth Circuit's Acceptance of the Interlocutory Appeal Does Not Deprive this Court of Jurisdiction Over This Case While That Appeal is Pending.**

As a general rule, "it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *accord Song v. MTC Fin., Inc.*, 812 F. App'x 609, 610 (9th Cir. 2020). That is because an interlocutory appeal only "divests the district court of its control over those aspects of the case involved in the appeal." *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 767 (9th Cir. 2025) (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)). Here, the issue on appeal is whether Plaintiffs' complaints establish an affirmative defense under Section 230. Whether and to what extent discovery should take place, and whether Plaintiffs may file amended complaints, are not matters before the Ninth Circuit.[2]

Defendants' argument to the contrary is largely based on a reading of *Coinbase, Inc. v.*

---

[1]   For ease of reference, this filing generally cites to the *In re: Apple* docket (Case No. 5:21-md-02985), except where otherwise noted.

[2]   Defendants' fallback argument that "[a]t a minimum, any ruling on a motion to amend is jurisdictionally barred, because the surviving claims are all at issue on appeal" is also incorrect. Dkt. 189 at 6. The appeal concerns the Court's September 30, 2025, Order, not Plaintiffs' claims as a whole or this litigation as a whole. Granting leave to file an amended complaint—which the September 30, 2025, Order expressly contemplates, *see* Dkt. 176 at 37—would not change or modify the appealed order and, to the extent the Ninth Circuit has jurisdiction, would not intrude on that jurisdiction.

PLS.' RESPONSE RE: ORDER
FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

1

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

1   *Bielski*, 599 U.S. 736 (2023), that the Ninth Circuit has already rejected. As the Ninth Circuit has
2   explained, "*Coinbase* read in conjunction with relevant Supreme Court precedent counsels in
3   favor of limiting the *Coinbase* holding to the arbitration context." *Express Scripts, Inc.*, 139 F.4th
4   at 768. Indeed, "[n]early every paragraph of the *Coinbase* opinion specifically references
5   'arbitrability' or the provisions of the FAA." *Id.* The opinion is a "carveout to the normal
6   discretionary stay powers in the arbitration context," not a sweeping change to a district court's
7   jurisdiction while an interlocutory appeal is pending. *Id.*

8         Defendants also suggest that the Court should treat a discretionary interlocutory appeal of
9   the Section 230 issue the same way that courts treat an appeal regarding official immunity. That
10  argument is a non-starter. Official immunity involves "an *immunity from suit* rather than a mere
11  defense to liability," and a defendant with official immunity is specifically entitled to a decision on
12  that issue before any discovery takes place. *Butler v. San Diego Dist. Attorney's Off.*, 370 F.3d
13  956, 963 (9th Cir. 2004) (emphasis in original) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526
14  (1985)). Section 230, however, "provides immunity only from liability, not suit." *Gen. Steel*
15  *Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016); *see also Doe v. Internet*
16  *Brands, Inc.*, 824 F.3d 846, 850, 853 (9th Cir. 2016) (explaining that Section 230 "precludes
17  liability" in certain circumstances and cautioning courts "not to exceed the scope of the immunity
18  provided by Congress"). Accordingly, how this litigation should proceed remains a discretionary
19  question, and the Court may address any asserted concerns through tailored case management
20  rather than a categorical stay. *See Horn v. Amazon.com, Inc.*, 2025 WL 660622, at *2 (W.D.
21  Wash. Feb. 28, 2025) (allowing discovery to proceed while Section 230 Motion to Dismiss
22  remained pending in analogous class action litigation regarding social casinos).

23  **II. The Court Should Not Exercise Discretion to Stay the Case.**

24        Here, the circumstances do not support the broad stay Defendants request. Courts disagree
25  about whether a request to stay proceedings pending interlocutory appeal is governed by the
26  discretionary docket-management framework articulated in *Landis v. North American Co.*, 299
27  U.S. 248 (1936), or the four-factor stay-pending-appeal test set forth in *Nken v. Holder*, 556 U.S.
28  418 (2009). *See, e.g., Finder v. Leprino Foods Co.*, 2017 WL1355104, at *1–3 (E.D. Cal. Jan. 20,

PLS.' RESPONSE RE: ORDER
FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-
03001-EJD; 5:21-cv-02777-EJD

2

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

2017) (collecting cases). The Court need not resolve that dispute here because a stay proves unwarranted under either standard.

### A. A Stay is Not Appropriate Under the *Landis* Factors.

In considering whether to impose a *Landis* stay, a district court weighs three factors: "the possible damage which may result from the granting of a stay"; "the hardship or inequity which a party may suffer in being required to go forward"; and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The proponent of a stay bears the burden of establishing its necessity, and "if there is even a fair possibility that the stay . . . will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity." *Id*. at 1112 (9th Cir. 2005) (internal quotations omitted); *Landis*, 299 U.S. at 255.

#### 1. A Stay Would Severely Damage Plaintiffs' Case.

Defendants argue that a stay would not meaningfully prejudice Plaintiffs because the case can resume once appellate proceedings conclude and any intervening delay can be absorbed without consequence. That framing disregards both the procedural history of this litigation and the concrete effects of prolonged inactivity.

This case has already been subjected to a lengthy stay. The Court stayed proceedings on September 2, 2022, Dkt. 106, pending Defendants' first interlocutory appeal, which was not resolved until the Ninth Circuit issued its decision on May 21, 2024. Dkt. 119. Since then, discovery has remained stayed, save for an extremely limited carve-out permitting a single document request. *See* Dkt. 142. As a result, Plaintiffs have been unable to meaningfully pursue discovery or advance this case toward resolution for over three years. The prejudice from delay is not abstract. Plaintiffs allege substantial and ongoing gambling losses and seek recovery of those losses, as well as injunctive relief to halt ongoing unlawful conduct. Continued delay postpones both forms of relief, undermines Plaintiffs' ability to collect and marshal evidence, and increases

PLS.' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

3

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

the risk that relevant documents and witness testimony will become unavailable or less reliable.[3]

Courts applying discretionary stay standards recognize that delay itself can prejudice a party, particularly where the length of the delay is unclear. Indeed, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Lockyer*, 398 F.3d at 1111 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). In *Berberich on behalf of 4499 Weitzman Place Tr. v. Kishner*, the court denied a stay even though the movant represented that the anticipated appellate proceedings would likely conclude within a year, reasoning that further delay would unnecessarily prejudice the opposing party and serve no purpose. No. 2:17-cv-00818, 2017 WL 2600460, at *2–3 (D. Nev. June 14, 2017). The delay here has already exceeded that timeframe by a wide margin, and Defendants seek to extend it further.

### 2. Defendants Would Not Suffer Undue Hardship if the Case Proceeds.

Defendants argue that, absent a stay, they would suffer hardship by being required to continue litigating claims as to which they contend they may be immune under Section 230, which would undermine what they assert is one "of the primary purposes of Section 230." Dkt. 189 at 10.

That argument fails at the threshold. The Ninth Circuit has made clear that being required to participate in litigation does not, by itself, constitute a "clear case of hardship or inequity" sufficient to justify a discretionary stay. *Lockyer*, 398 F.3d at 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255). Courts applying *Landis* routinely reject stay requests where the asserted hardship consists only of having to proceed with the case. *See Nat'l Urb. League v. Ross*, 508 F. Supp. 3d 663, 706 (N.D. Cal. 2020). Defendants identify no hardship beyond continued participation in this litigation.

Nor does the assertion of Section 230 immunity change the analysis. Courts in this circuit

---

[3] Defendants argue that "Plaintiffs did not use the *months* that have passed since then to move the case forward," but that is incorrect. Dkt. 189 at 10 (emphasis in original). Plaintiffs have diligently followed the schedule set by the Court in its September 30, 2025, Order and as further discussed at the November 25, 2025 status conference, including by circulating draft amended complaints.

PLS.' RESPONSE RE: ORDER
FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

4

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

have rejected the notion that invoking Section 230 requires halting discovery or staying proceedings. In *Horn*, another social casino class action brought against a platform provider that has since reached a settlement in principle, Amazon similarly argued that Section 230 warranted a stay of discovery to avoid litigation burdens, citing (as Defendants do here) *Fair. Hous Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc). 2025 WL 660622, at *2. The court disagreed, explaining that neither Section 230 nor *Roommates.com* mandate stopping discovery simply because Section 230 immunity is asserted. *Id*. The court's reasoning reflects a straightforward principle: Section 230 does not confer an automatic right to avoid litigation while immunity arguments are pending. Because Defendants point to no legally cognizable hardship, this factor weighs against a stay.

### 3. A Stay Would Complicate, Rather than Simplify, This Litigation.

Given that a stay would severely prejudice Plaintiffs and that Defendants point to no undue hardship, the third factor should not tip the scales. *See Lockyer*, 398 F.3d at 1112, 1113 (holding that a *Landis* stay was an abuse of discretion where movant failed to show a clear case of hardship or inequity and the stay posed a fair possibility of prejudice, notwithstanding asserted judicial economy concerns). Defendants nonetheless argue that a stay would promote efficiency by avoiding potentially unnecessary proceedings if the Ninth Circuit were to reverse this Court's Section 230 ruling and bring the case to an end.

That argument is speculative and hinges entirely on the assumption that the Ninth Circuit will disagree with this Court's Section 230 analysis and moot the case in its entirety. If, as Plaintiffs anticipate, the Ninth Circuit instead agrees that Section 230 poses no bar to this litigation under *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019), a stay will have accomplished nothing except delay. Worse, halting proceedings now would risk returning the case to square one after the appeal, particularly when Plaintiffs amend their Complaints and Defendants inevitably raise all the same pleadings arguments, including invoking Section 230 for a third time. Proceeding in parallel is therefore the more orderly course, allowing the Ninth Circuit to review (and likely affirm) this Court's Section 230 analysis without unnecessarily stalling the litigation.

### B. A Stay is Likewise Not Appropriate Under the *Nken* Factors.

PLS.' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

5

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

Under *Nken*, the party seeking a stay must demonstrate: "(1) whether the [movant] has made a strong showing that [it] is likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. In the Ninth Circuit, these factors are evaluated on a sliding-scale basis, requiring either a strong likelihood of success or a substantial case on the merits coupled with a balance of hardships that tips sharply in the movant's favor. *Leiva-Perez v. Holder*, 640 F.3d 962, 964–70 (9th Cir. 2011).

Defendants do not satisfy the *Nken* factors.[4] First, they have not and cannot make a strong showing that they are likely to succeed on the merits because *HomeAway* forecloses their Section 230 theory, as this Court has twice found. Second, they identify no irreparable injury absent a stay for the reasons discussed in Section II.A.2. Third, a stay would substantially injure Plaintiffs for the reasons discussed in Section II.A.1, including by further delaying long-overdue discovery and adjudication of Plaintiffs' claims. Fourth, the public interest favors moving this case forward to allow vulnerable and addicted consumers to seek recovery of their losses and to bring an end to ongoing harmful and unlawful conduct. *Cf. California by & through Harrison*, 139 F.4th at 772 (noting fourth factor favored Plaintiffs seeking to abate activities that harmed the public).

### III. The Court May Proceed to Issue Orders on Discovery.

Because the Court retains jurisdiction and a stay is unwarranted, it may issue appropriate orders governing discovery. The Court's authority to reasonably limit discovery provides a means to address any concerns Defendants raise about proceeding while the appeal is pending.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for a stay and allow discovery to proceed.

---

[4] Defendants invoke *Coinbase* to suggest this case falls within an arbitration-adjacent framework, but courts addressing stays pending interlocutory review of arbitration-related orders have applied the *Nken* standard rather than the *Landis* factors. *See Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 953 (N.D. Cal. 2019) (applying *Nken* where defendants sought a stay pending appeal of an order denying arbitration). Defendants' decision to analyze a discretionary stay under *Landis* underscores that arbitration is not an apt analogy here.

PLS.' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

6

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435

|   |   |
|---|---|
| | Respectfully submitted, |
| | **EDELSON PC** |
| Dated: January 13, 2026 | By: */s/ Todd Logan* |
| | Rafey S. Balabanian (SBN 315962) |
| | rbalabanian@edelson.com |
| | Todd Logan (SBN 305912) |
| | tlogan@edelson.com |
| | Brandt Silverkorn (SBN 323530) |
| | bsilverkorn@edelson.com |
| | EDELSON PC |
| | 150 California Street, 18th Floor |
| | San Francisco, CA 94111 |
| | Tel: 415.212.9300 |
| | Fax: 415.373.9435 |
| | |
| | Amy B. Hausmann* |
| | abhausmann@edelson.com |
| | Alexander G. Tievsky* |
| | atievsky@edelson.com |
| | EDELSON PC |
| | 350 N LaSalle Street, 14th Floor |
| | Chicago, IL 60654 |
| | Tel: 312.589.6370 |
| | Fax: 312.589.6378 |
| | |
| | *Plaintiffs' Interim Lead Counsel* |
| | *Plaintiffs' Law and Briefing Counsel* |
| | |
| | *admitted pro hac vice* |

PLS.' RESPONSE RE: ORDER FOR ADDITIONAL BRIEFING
Case Nos. 5:21-md-02985-EJD; 5:21-md-03001-EJD; 5:21-cv-02777-EJD

7

EDELSON PC
150 California Street, 18th Floor
San Francisco, CA 94111
Tel: 415.212.9300 • Fax: 415.373.9435